UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE ANN BRYANT,<br><br>                        Petitioner,<br><br>              v.<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Respondent. | Case No. 5:20-cv-1403-DMG (MAR)<br><br>MEMORANDUM AND ORDER DISMISSING CASE |

## I.

## **INTRODUCTION**

On July 16, 2020, Rose Ann Bryant ("Plaintiff"), proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 405 seeking review of a decision by the Commissioner of Social Security to deny benefits. ECF Docket No. ("Dkt.") 1. Plaintiff has not corresponded with the Court at all since filing the Complaint on July 16, 2020. For the reasons below, the Court **DISMISSES** this action, without prejudice.

///

///

///

## **II.**

## BACKGROUND

On July 16, 2020, Rose Ann Bryant ("Plaintiff"), proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 405 seeking review of a decision by the Commissioner of Social Security to deny benefits. Dkt. 1. On the same date, the Court issued an "Order Re: Procedures in Social Security Appeal" ("CMO"). Dkt. 6. The CMO stated: "Plaintiff will have **35 days** from the filing of the answer to file and serve a Memorandum in Support of Plaintiff's Complaint." Id. at 2 (emphasis in original).

On March 16, 2021, Defendant filed an Answer. Dkt. 12. Accordingly, pursuant to the CMO, Plaintiff's Memorandum was due by April 20, 2021. See Dkt. 6 at 2.

On June 25, 2021, this Court issued an Order to Show Cause ("OSC") ordering Plaintiff to show by July 16, 2021 why this action should not be dismissed for failure to prosecute and failure to comply with a Court Order. Dkt. 15. Plaintiff was warned that "[f]ailure to respond to the Court's Order **may** result in the dismissal of the action." Id. (emphasis added).

On August 6, 2021, the Court a second OSC ordering Plaintiff to respond to the Court's previous Orders. Dkt. 16. Plaintiff was warned that she "must comply…**by August 20, 2021,** or this action **will** be dismissed for failure to prosecute." Id. (emphasis in original). To date, Plaintiff has not responded to the OSC. In fact, Plaintiff has not corresponded with the Court at all since filing the Complaint on July 16, 2020.

### III.
### DISCUSSION

**A. APPLICABLE LAW**

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962); Hells Canyon Pres. Council v. U.S. Forest

1  Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under
2  Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute
3  or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v.
4  Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to
5  comply with court orders).

6      In deciding whether to dismiss for failure to prosecute or comply with court
7  orders, a district court must consider five (5) factors: "(1) the public's interest in
8  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
9  risk of prejudice to the defendants; (4) the public policy favoring disposition of cases
10 on their merits; and (5) the availability of less drastic sanctions." Omstead v. Dell,
11 Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d
12 1421, 1423 (9th Cir. 1986)).

13     "[The Ninth Circuit] 'may affirm dismissal where at least four factors support
14 dismissal . . . or where at least three factors "strongly" support dismissal.'" Yourish v.
15 California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of
16 El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). In a case involving sua sponte
17 dismissal, however, the fifth Henderson factor regarding the availability of less drastic
18 sanctions warrants special focus. Hernandez, 138 F.3d at 399.

19 **B.  ANALYSIS**

20     **1.  The public's interest in expeditious resolution of litigation**

21     In the instant action, the public's interest in expeditious resolution of litigation
22 weighs in favor of dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.
23 2002) ("The public's interest in expeditious resolution of litigation always favors
24 dismissal." (quoting Yourish, 191 F.3d at 990) (internal quotation omitted)). Plaintiff
25 has not filed a Memorandum in compliance with the Court's on July 16, 2020 CMO
26 or otherwise responded to the Court's Orders. In fact, Plaintiff has not corresponded
27 with the Court at all since she first filed the Complaint on July 16, 2020. Dkt. 1.
28 Given that Plaintiff has failed to interact with the Court for over a year, this factor

1  weighs in favor of dismissal.  See Dkt. 1; see also Pagtalunan, 291 F.3d at 642 (finding
2  that the plaintiff's failure to pursue the case for almost four (4) months weighed in
3  favor of dismissal).

**2.     The Court's need to manage its docket**

5  The second factor—the Court's need to manage its docket—likewise weighs in
6  favor of Dismissal.  Courts have "the power to manage their dockets without being
7  subject to the endless vexatious noncompliance of litigants."  See Ferdik, 963 F.2d at
8  1261.  As such, the second factor looks to whether a particular case has "consumed . .
9  . time that could have been devoted to other cases on the [Court's] docket."  See
10 Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th
11 Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's
12 docket.").

13 On July 16, 2020, the Court issued an "Order Re: Procedures in Social Security
14 Appeal" ("CMO").  Dkt. 6.  The CMO stated: "Plaintiff will have **35 days** from the
15 filing of the answer to file and serve a Memorandum in Support of Plaintiff's
16 Complaint."  Id. at 2 (emphasis in original).  On June 25, 2021, this Court issued an
17 OSC ordering Plaintiff to show by July 16, 2021 why this action should not be
18 dismissed for failure to prosecute and failure to comply with a Court Order.  Dkt. 15.
19 Plaintiff was warned that "[f]ailure to respond to the Court's Order **may** result in the
20 dismissal of the action."  Id. (emphasis added).  The Court issued a second OSC on
21 August 6, 2021, warning that failure to respond **will** result in dismissal.  Dkt. 16
22 (emphasis in original).

23 Plaintiff has failed to comply, or otherwise respond, to any of the Court's
24 Orders, several of which warned Plaintiff that her failure to comply could or would
25 result in the recommended dismissal of the instant action.  See Dkts. 9; 20.  Plaintiff's
26 failure to prosecute and follow Court Orders hinders the Court's ability to move this
27 case toward disposition and suggests Plaintiff does not intend to or cannot litigate this
28

4

action diligently.  Consequently, the Court's need to manage its docket favors dismissal here.

### 3. The risk of prejudice to Defendant

The third factor—prejudice to Defendant(s)—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay.").

Nothing suggests such a presumption is unwarranted in this case.  Plaintiff has not provided any reason for her failure to comply with either the Court's CMO or OSCs and for her failure to communicate with the Court since she filed the Complaint on July 16, 2020.  Dkt. 1.  Given the length of the delay, the Court finds Plaintiff's delay in prosecuting this case to be unreasonable.  Thus, prejudice is presumed and weighs in favor of dismissal.  See, e.g., In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1227 ("The law . . . presumes prejudice from unreasonable delay.").

### 4. Public policy favoring disposition on the merits

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal.  See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1228.  Here, as it usually does, the fourth factor weighs against dismissal.  It is, however, Plaintiff's responsibility to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been:  (1) instructed on her responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See Dkts. 19; 20.  Under these circumstances, and without any other information from Plaintiff, the policy favoring resolution of disputes on the merits does not

outweigh Plaintiff's failure to obey Court Orders or to file responsive documents within the time granted.

### 5. Availability of less drastic alternatives

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson, 779 F.2d at 1424. Less drastic alternatives to dismissal include warning a party that dismissal could result from failure to obey a court order. See Malone v. U.S. Postal Service, 833 F.2d 128, 132 n.1 (9th Cir. 1987). Further, "a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (citations omitted).

Here, the Court cannot move the case toward disposition without Plaintiff's compliance with Court Orders or participation in this litigation. Plaintiff has shown she is either unwilling or unable to comply with Court Orders by filing responsive documents or otherwise cooperating in prosecuting this action. Given this record, the Court finds that any less drastic alternatives to dismissal would be inadequate to remedy Plaintiff's failures to obey Court Orders and to prosecute.

### 6. Summary

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Plaintiff about the potential dismissal in two (2) separate OSCs. See Dkts. 15; 16.

As discussed above, four (4) of the Rule 41(b) factors weigh in favor of dismissal. Accordingly, this action is subject to dismissal.

///

///

///

## IV.
## **ORDER**

**IT IS THEREFORE ORDERED THAT** Petitioner's case is **DISMISSED** without prejudice.

DATED: January 20, 2022

                                        DOLLY M. GEE
                                        United States District Judge

Presented by:

MARGO A. ROCCONI
United States Magistrate Judge